IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, VS. **40 EA TV BOXES; 8530 EA IPTV Devices, 1 EA Apple iPhone 16, 1 EA Apple Watch, EA Buffalo Mini Station, EA Buffalo Mini Station, EA Apple Mac Mini A2686 w/hub, EA Apple Mac Mini A2686, 1 EA Apple Mac Desktop, 3 EA USB Storage device, 5 EA Formuler Streaming Device, 1 EA Formuler Streaming Device w/VPN, 3 EA Formuler Streaming Devices in original boxes, 1 EA Server Rack, EA Silver Apple MacBook C0XL0KTLLDP, EA Silver Apple MacBook Pro with Powercord C02MGCJ1FD57, EA Black Apple MacBook Pro with Powercord FPXY2K256H, EA White Apple iPhone, 1 EA Red Apple iPhone, 1 EA Silver Apple iPad DLXTKOAEHPDV, 1 EA Transcend Storage Media, 1 EA Solid State Storage Device MPA20F325002276, 1 EA** | Civil Case No.:  25-CV-2098 **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

**Netbiz Thumbdrive, 1 EA Netbiz Thumbdrive Center Console of BMW, 5 EA Buffalo Storage**

**Media Devices, 1 EA Black Nokia Cellphone, 1 EA Black Samsung Cellphone, 13 EA**

**Streaming Devices)**

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

**COMES NOW** the United States of America, by and through undersigned Assistant United States attorney, and respectfully avers and alleges to this Court as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### I. NATURE OF THE ACTION

1. This is a civil action *in rem* brought to forfeit and condemn to the use and benefit of the United States of America funds involved in violations of federal law.

2. The Defendant Property constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, relating to Wire Fraud and 18 U.S.C. § 2319 relating to Infringement of Copyright.

3. Accordingly, the Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2323 as property used, or intended to be used, to facilitate the commission of 18 U.S.C. § 2319; and 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity as defined in Section 1956(c)(7).

## II.    DEFENDANT IN REM

4. The in rem defendant is 40 EA TV Boxes; 8530 EA IPTV Devices; 1 EA Apple iPhone 16; 1 EA Apple Watch, EA Buffalo Mini Station, EA Buffalo Mini Station; EA Apple Mac Mini A2686 w/hub; EA Apple Mac Mini A2686; 1 EA Apple Mac Desktop; 3 EA USB Storage device; 5 EA Formuler Streaming Device; 1 EA Formuler Streaming Device w/VPN; 3 EA Formuler Streaming Devices in original boxes; 1 EA Server Rack; EA Silver Apple MacBook C0XL0KTLLDP; EA Silver Apple MacBook Pro with Powercord C02MGCJ1FD57; EA Black Apple MacBook Pro with Powercord FPXY2K256H; EA White Apple iPhone; 1 EA Red Apple iPhone; 1 EA Silver Apple iPad DLXTKOAEHPDV; 1 EA Transcend Storage Media; 1 EA Solid State Storage Device MPA20F325002276;1 EA Netbiz Thumbdrive; 1 EA Netbiz Thumbdrive Center Console of BMW; 5 EA Buffalo Storage Media Devices; 1 EA Black Nokia Cellphone; 1 EA Black Samsung Cellphone; 13 EA Streaming Devices) (hereinafter "Defendant Property"), held by Homeland Security Investigations, U.S. Department of Homeland Security.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in the Eastern District of Louisiana. The United States still request, pursuant to 28 U.S.C. § 1355(b)(2) and Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that a warrant for arrest in rem be issued for execution in the district where the Defendant Property is located.

7. The Plaintiff is the United States of America, a sovereign nation authorized to sue.

## IV.  FACTUAL ALLEGATIONS

8. In July 2023, Homeland Security Investigations (HSI) Special Agent in Charge (SAC) New Orleans, Louisiana received a report from the Alliance for Creativity and Entertainment (ACE)[1] organization about the company "BanditCable", an unauthorized distributer of movies, shows, and live television. On July 21, 2023, ACE purchased a Bandit Cable subscription from an unknown operator on Instagram Direct Messenger via the "BanditCable" Instagram account. The price for the service was 30 USD a month for live, linear tv or 15 USD a month for Video on Demand (VOD). The payment was made via Cash App to the cashtag $banditwill. Shortly after the purchase, credentials were sent on Instagram Direct Messenger through a screenshot. A review of the service was then conducted, and infringing content was identified via analysis of the VOD and the linear tv service offerings. Specifically, ACE identified the following films as copyright infringements: **(1)** *Frozen* (Disney Enterprises, Inc.), **(2)** *Big Hero 6* (Disney Enterprises, Inc.), **(3)** *Top Gun: Maverick* (Paramount Pictures Corporation), **(4)** *A Quiet Place II* (Paramount Pictures Corporation), **(5)** *Minions: The Rise of Gru* (Universal City Studios LLC), **(6)** *Minions* (Universal City Studios LLC), **(7)** *Ghostbusters: Afterlife* (Columbia Pictures Industries, Inc), **(8)** *The Amazing Spider-Man 2* (Sony Pictures Entertainment Inc.), **(9)** *Dune* (Warner Bros. Entertainment Inc.), **(10)** *8-Bit Christmas* (Warner Bros. Entertainment Inc.), **(11)** *Cherry* (Apple TV+), **(12)** *Ted Lasso S01E01* (Apple TV+), **(13)** *The Aeronauts* (Amazon Studios LLC), and **(14)** *Gringo* (Amazon Studios LLC).

9. In October of 2023, HSI New Orleans initiated an investigation into William GREEN who operates the online business named "BanditCable;" through which, he is distributing

---

[1] Alliance for Creativity and Entertainment (ACE) is a coalition of over 30 major global entertainment companies and film studios aimed at protecting profits from copyrighted material.

or rebroadcasting high-value television, movies and more (i.e., Pay-Per-View, Video-on-Demand) to paying subscribers. In February 2024, HSI New Orleans conducted an undercover purchase of GREEN's streaming services and confirmed that GREEN distributed live television and VOD.

10. On or about March 4, 2024, HSI New Orleans successfully accessed and viewed all the films mentioned in the ACE Report. Images of the BanditCable IPTV portal and a sample of the films accessed are pasted below:





11. On or about May 24, 2024, HSI New Orleans executed a federal search warrant of GREEN's residence. Upon executing the search warrant of the residence, HSI New Orleans encountered GREEN. During a post Miranda interview, GREEN stated that he does not administer

5

or control the content of the IPTV service and is solely a reseller of the content. GREEN further stated that all of his content is provided to him by an individual identified as "Gabe **JOHNSON**". Analysis of financial records and open-source information identified "Gabe **JOHNSON**" as Gabriel Jacobe **JOHNSON** who resides in or around Portland, Oregon. Additionally, GREEN stated that as a re-seller, he pays **JOHNSON** monthly for the ability to stream and sell copyrighted material. GREEN stated he had approximately 200-300 customers who pay him between $15 to $65 USD per month for the streaming services. GREEN then pays **JOHNSON** $4 per "credit" per customer per month. One credit is equivalent to one month of streaming services. GREEN stated he paid **JOHNSON** predominately through Cash App.

12. During the interview, GREEN provided agents with the website that was utilized as a "portal" to manage his IPTV customers. GREEN also provided Agents with consent to assume his online identity of this IPTV portal. Green stated that after paying **JOHNSON**, he (GREEN) would receive credits on this portal. In June of 2024, SA Brian Villaflor accessed the site and observed the following. SA Villaflor was able to see how many users were currently on the site and how many active accounts (customers) that GREEN had (359 customers). Additionally, it showed how many credits were currently in GREEN's account (12.25 credits). The site also allowed GREEN to monitor "subresellers" which are people that distribute his specific IPTV platform (BanditCable). The site was also able to monitor what server specific channels were currently on.

13. During their investigation, HSI discovered that JOHNSON utilized his business C2Squared to platform his illicit IPTV business. Specifically, Johnson distributes his IPTV services on his website to third party resellers, such was William Green (Bandit Cable) or brick

6

and mortar stores (such as furniture rental companies), who sell the devices along with unauthorized IPTV streaming credits to customers.

14. In furtherance of this scheme, JOHNSON utilized Cash App accounts and other financial institutions to relocate the proceeds of the IPTV business to his bank accounts.

15. From January 1, 2019, to July 2024, JOHNSON received approximately $1,797,979.51 in proceeds via Cash App, from his illicit IPTV streaming service. Additionally, Johnson utilized his bank account, Middlesex Federal Savings, to receive payments attributed to his IPTV scheme, specifically, he received approximately $2,168,083.05 in direct transfers that represented proceeds of his illicit IPTV streaming service. Bank records indicate that from November 2022 to October 2024, JOHNSON paid Brumtech Co. Ltd. for the purchase of Over-the-Top (OTT) streaming devices.

16. Custom import records revealed that JOHNSON received international shipments that were sent by Brumtech Co. Ltd. or Directlinx Electronics, both of which were distributers of Formuler devices. Further review of JOHNSON's Middlesex savings account revaled that from October 2022 to October 2024; JOHNSON paid DataCamp Ltd. approximately $1,072,665.

17. On or about January 28, 2025, HSI Portland executed two federal search warrants at JOHNSON's business located at 15688 SW 72nd Ave, Tigard, OR 97224, and JOHNSON's residence located at 1330 SW 3rd Ave, Apt 1204, in Portland, Oregon. During the search of the two locations, Agents located and seized all the items listed in this affidavit except for the 40 EA TV Boxes.

18. On or about May 13, 2025, a UPS shipment manifested as TV SETTOP BOXTV SETTOP BOX was targeted for exam. The shipper was listed as Directlinx Electronics L 15-2450

7

Morningside Avenue in Scarborough, Ontario M1X0E2 and the shipment was being sent to Consignee, C2Squared Inc, at 15688 SW 72nd Avenue in Portland, Oregon.

19. On or about May 14, 2025, the shipment was brought to Fort Street Cargo Facility, in Detroit Michigan, for an exam which revealed 40 TV boxes. HSI was contacted and requested the shipment be detained and sent to HSI New Orleans for further investigation.

20. The shipment was seized on or about May 23, 2025.

## CLAIM FOR RELIEF

1. The Defendant Property constitutes or is derived from proceeds traceable to violations of:

   a. 18 U.S.C. § 2319 relating to Infringement of Copyright and/or

   b. 18 U.S.C. § 1343 (wire fraud).

2. As such, the Defendant Property is subject to forfeiture to the United States pursuant to:

   a. 18 U.S.C. § 2323 which provides for the forfeiture of '[a]ny property used, or intended to be used, in any manner or part to commit or facilitate the commission of…." an violation of 18 U.S.C. § 2319.

   b. 18 U.S.C. § 981(a)(l)(C), which provides for the civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), including the offense of 18 U.S.C. § 1343 (wire fraud).

    c. 18 U.S.C. § 1343 wire fraud, is a "specified unlawful activity" under 18 U.S.C. § 1956(C)(7), and is therefore a proper predicate for civil forfeiture under § 981(a)(1)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the United States of America respectfully requests:

(a) That a warrant of arrest in rem be issued for the Defendant Property;

(b) That due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(c) That the Defendant Property be condemned and forfeited to the United States of America for disposition according to law; and

(d) That the United States be granted such other relief as this Court may deem just and proper.

    Respectfully submitted,

    MICHAEL M. SIMPSON
    ACTING UNITED STATES ATTORNEY

    */s/Alexandra Giavotella*
    ALEXANDRA GIAVOTELLA  (La. 38005)
    Assistant United States Attorney
    United States Attorney's Office
    650 Poydras Street, Suite 1600
    New Orleans, LA  70130
    Telephone: (504) 680-3065
    Email: alexandra.giavotella@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served in accordance with the Court's ECF Rules this 7th day of October, 2025.

                                                */s/Alexandra Giavotella*
                                                ALEXANDRA GIAVOTELLA
                                                Assistant United States Attorney

**PLEASE ISSUE AND SERVE WARRANT OF ARREST IN REM ON THE FOLLOWING PROPERTY PURSUANT TO RULE G(3)(b)((i):**

**Located at:**
**Homeland Security Investigations**
**Attn: Special Agent, Christian Ruiz**
1250 Poydras Street, Suite 2200
Metairie, Louisiana 70013

## **VERIFICATION**

I, CHRISTIAN RUIZ, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the United States Department of Homeland Security.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th of October, 2025.

/s/Christian Ruiz
CHRISTIAN RUIZ
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
DEPARTMENT OF HOMELAND SECURITY